UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE MAE RUSSELL; | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 1115 |
| | ) | |
| vs. | ) | |
| | ) | Judge Darrah |
| CITY OF CHICAGO, | ) | Magistrate Judge Brown |
| A Municipal Corporation; and | ) | |
| Chicago Police Officers | ) | Jury Demand |
| BRYAN TOPCZEWSKI, Star 3691; | ) | |
| TED JOZEFCZAK, Star 15536; | ) | |
| TIMOTHY SALDANA, Star 11206; and | ) | |
| EUGENE BIKULCIUS, Star 4006; | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a citizen of the United States, and a resident of the City of Chicago.

5. Defendant police officers are duly appointed and sworn City of Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about June 27, 2006, at about 5:00 p.m., Plaintiff was at her home located at 5351 West Gladys, 1st floor, City of Chicago. Plaintiff has lived there since 1969. Many other family members were also home.

9. June 27, 2006, was Plaintiff's 70th birthday.

10. A person, Charles Crosby, entered Plaintiff's home uninvited.

11. Plaintiff went to her back door, and saw the four Defendant-Officers.

12. Defendant-Officers asked Plaintiff if a boy ran into her house.

13. Plaintiff said yes, and told the Defendant-Officers that she would get him.

14. Defendant-Officers came in and apprehended the boy they were looking for.

15. Defendant-Officers then searched Plaintiff's apartment, tearing it up in the process.

16. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff's home.

17. Defendant-Officers then went downstairs and woke up Plaintiff's grandson, Tommy Gray.

18. Later, Defendant-Officers told Plaintiff that they found drugs downstairs.

19. Plaintiff told the Defendant-Officers that she did not know anything about any drugs. Plaintiff further explained that she had never been arrested in her life, and that she was celebrating her 70th birthday.

20. Defendant-Officers told Plaintiff that they were going to take her jail.

21. Defendant-Officers called for the a squadrol.

22. Plaintiff told Defendant-Officers that she had never been handcuffed in her life.

23. Plaintiff was arrested and taken to the police station.

24. Tommy Gray was also arrested.

25. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

26. Defendant-Officers told Plaintiff that they were going to keep her until they find her other grandson.

27. After several hours, Plaintiff was released without being charged.

28. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

29. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, property damage, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

30. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

31. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Illegal Search of Home)

32. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

33. The actions of Defendant-Officers in searching Plaintiff's home without any legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

     d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

34. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

35. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of their employment.

36. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from the actions of the Defendant-Officers.

**Plaintiff demands trial by jury on all counts.**

                                            Respectfully submitted,

                                            /s/ Lawrence V. Jackowiak
                                            *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595